IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL,  Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 23-CV-4364 |
| 1 JOHN DOE OFFICER, *et al.*,  Defendants. | : : : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                                      **FEBRUARY 21, 2024**

Plaintiff Ali. A. Harrison-El, who is currently incarcerated at SCI Smithfield, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from an alleged illegal detention and assault. Currently before the Court are Harrison-El's Complaint ("Compl." (ECF No. 2)) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).[1] Harrison-El asserts claims against Falls Township Police Officers Tanner and "John Doe"[2] in their individual and official capacities. (Compl. at 2.) For the

---

[1] Harrison-El did not file a certified copy of his prisoner account statement for the six-month period prior to the filing of this civil action. In response to an Administrative Order directing him to do so, Harrison-El advised the Court by letter that his requests for a copy of his inmate account statement had been denied by the Bucks County Correctional Facility, where he was then housed, allegedly in retaliation for his filing of civil rights complaints. (*See* ECF Nos. 5, 7.) The Court deems Harrison-El to have substantially complied with the requirements of 28 U.S.C. § 1915(a)(2).

[2] Harrison-El includes the Falls Township Police Department in the caption of his Complaint, possibly as an identifier for the individual police officer Defendants, but does not list it as a Defendant. (*See* Compl.) It is not clear that he intends to assert a claim against the police department, but to the extent that he does, the claim is not plausible. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police*

following reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. Harrison-El's malicious prosecution claim will be dismissed without prejudice for failure to state a claim, and Harrison-El may reassert this claim in a new civil action in the event his pending state criminal case ultimately terminates in his favor. Harrison-El's request for release from custody and dismissal of the criminal charges against him will be dismissed without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's excessive force and official capacity claims will be dismissed without prejudice, and he will be granted leave to amend these claims. The remainder of Harrison-El's § 1983 claims are stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

## I.     FACTUAL ALLEGATIONS[3]

Harrison-El alleges that the events giving rise to his claims occurred on October 6 or 7, 2023. (Compl. at 5.) On that date, Defendants Tanner and Doe allegedly removed him from Bristol Township and transported him to the Falls Township Police Department. (*Id*. at 4.) There, he alleges he was illegally detained without probable cause for more than eight (8) hours. (*Id*. at 4, 5.) Harrison-El alleges that while he was being held, Defendants Tanner and Doe

---

*Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Falls Township Police Department is not a proper defendant in this case under Section 1983 and any claim Harrison-El may have intended to assert against it is dismissed with prejudice.

[3] The factual allegations set forth in this Memorandum are taken from Harrison-El's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

assaulted him, fracturing his ribs and dislocating his left shoulder. (*Id*. at 5.) Harrison-El was treated for his injuries at Frankford Langhorne Hospital and then incarcerated. (*Id*.)

Harrison-El alleges that he suffered physical injuries as a result of the assault. (*Id*.) He asserts an excessive force claim and claims for violation of his Fourth Amendment rights based on his alleged unlawful detention. As relief, he seeks release from prison, dismissal of the charges against him, and an award of money damages. (*Id*. at 5.)

The publicly available docket in *Commonwealth v. Harrison-El*, CP-09-CR-5770-2023 (C.P. Bucks) reflects that Harrison-El is currently awaiting formal arraignment on charges of identity theft, providing false identification to a police officer, possession of a controlled substance, use or possession of drug paraphernalia, public drunkenness, and disorderly conduct. (*Id*.) The docket notes the offense date as October 6, 2023 and identifies William Tanner as the arresting officer. (*Id*.)

## II.   STANDARD OF REVIEW

The Court will grant Harrison-El leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this

---

[4] However, as Harrison-El is a prisoner, he will be obligated to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Harrison-El asserts constitutional claims based on alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A. Claims Seeking Release from Prison and Dismissal of Criminal Charges

Harrison-El seeks, in part, to be released from prison and to have the charges pending against him dismissed. (*See* Compl. at 5.) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, this claim is dismissed without prejudice to Harrison-El filing a *habeas* petition seeking this relief.

### B. Official Capacity Claims

Harrison-El asserts official capacity claims against Tanner and Doe, who are alleged to be employees of the Falls Township Police Department. Claims against municipal officials named in their official capacity are indistinguishable from claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Thus, Harrison-El's official capacity claims against the Defendants are, in essence, claims against Falls Township.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (quoting *Bielevicz*, 915 F.2d at 850). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. *See, e.g., Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)).

To the extent Harrison-El seeks damages from the Defendants in their official capacities, he has failed to allege facts that support *Monell* liability. Harrison-El has not alleged that a municipal policy or custom gave rise to the alleged constitutional violations. Accordingly, any

official capacity claims against the Defendants are not plausible as alleged. These claims will be dismissed without prejudice. Harrison-El will be granted leave to amend these claims.

### C. Excessive Force Claims

The Court understands Harrison-El to be asserting constitutional claims based on the use of excessive force against him by Defendants Tanner and Doe. Excessive force claims arising in the context of an arrest are analyzed as invoking the protections of the Fourth Amendment and a defendant's conduct is analyzed under an objective reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Curley v. Klem,* 499 F.3d 199, 206 (3d Cir. 2007). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)). In *Groman v. Twp. of Manalapan*, 47 F.3d 628 (3d Cir. 1995), the United States Court of Appeals for the Third Circuit explained the elements of an excessive force claim occurring during an arrest:

> An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person. *Graham* [] 490 U.S. [at 394-95]. A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution. *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990). Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force. *Edwards v. City of Phila.*, 860 F.2d 568, 572 (3d Cir.1988).

> When a police officer uses force to effectuate an arrest that force must be reasonable. *Graham*, 490 U.S. at 396. The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect

7

> poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The reasonableness inquiry is objective, but should give appropriate scope to the circumstances of the police action, which are often "tense, uncertain, and rapidly evolving." *Id.* at 397.

*Groman* at 633-34. Harrison-El alleges that Defendants Tanner and Doe "assaulted" him while illegally detaining him. (Compl. at 4, 5.) However, he does not describe the circumstances surrounding the alleged assault and provides no factual allegations describing any threat posed by Harrison-El that might have warranted the use of force. He does not allege that he was handcuffed or otherwise restrained during the alleged assault. The allegation that he sustained injuries requiring hospitalization alone does not render his claim plausible. These claims will be dismissed without prejudice. Harrison-El will be granted leave to amend these claims.

### D. False Arrest and False Imprisonment Claims

Harrison-El alleges that he was illegally detained for more than eight (8) hours without probable cause. (Compl. at 4, 5.) Liberally construing his Complaint, the Court understands him to be asserting claims for false arrest and false imprisonment.[5] To the extent that he seeks to pursue such claims, he cannot do so at the present time. In *Younger*, 401 U.S. 37, the United States Supreme Court "established a principle of abstention when federal adjudication would

---

[5] It is unclear whether Harrison-El is also asserting a malicious prosecution claim. To allege a plausible malicious prosecution claim under section 1983, a plaintiff must asserts facts that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Harrison-El's claim is not plausible because he has not alleged that the criminal proceedings have terminated in his favor. Indeed, Harrison-El has yet to be arraigned according to the publicly available docket. Therefore, Harrison-El cannot state a claim for malicious prosecution at this time. However, the Court will dismiss Harrison-El's malicious prosecution claim without prejudice so that he is not precluded from reasserting it if the charges terminate in his favor. In other words, in the event the criminal proceedings are resolved in his favor, Harrison-El may file a new case raising this claim.

disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. These exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case. First, the publicly available docket from the Court of Common Pleas of Bucks County clearly indicates that criminal proceedings against Harrison-El stemming from the alleged false arrest are currently pending,

and that he is scheduled to be arraigned in March 2024. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Harrison-El an adequate opportunity to argue in the state forum that the alleged misconduct by members of the Falls Township Police Department resulted in his arrest and prosecution in a manner that violated his constitutional rights. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, none of the narrow exceptions to the *Younger* doctrine apply. Accordingly, it is appropriate to abstain from entertaining the false arrest and false imprisonment claims out of deference to the state judicial process. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477, 486-87 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." (citations omitted)); *see also Ellis v. Mondello*, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. The Court will dismiss with prejudice Harrison-El's claim against the Falls Township Police Department. Harrison-El's malicious prosecution claim will be dismissed without prejudice for failure to state a claim, and Harrison-El may reassert this claim in a new civil action in the event the pending state criminal case ultimately terminates in his favor. Harrison-El's request for release from custody and dismissal of the criminal charges against him will be dismissed without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's official capacity and excessive force claims will be dismissed without prejudice and Harrison-El will be granted leave to amend these claims at this time. The remaining § 1983 claims that Harrison-El seeks to pursue are stayed pursuant to *Younger*.[6] Harrison-El may move to reopen those claims following resolution of his state court criminal case.[7]

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[6] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings. We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings.").

[7] Given the need to stay further proceedings, the Court expresses no opinion at this time as to whether any remaining claims suffer from any additional deficiencies.