IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4364 |
| | : | |
| 1 JOHN DOE OFFICER, *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**GALLAGHER, J.**                                                                                                                                                            **MAY 30, 2024**

      Currently before the Court is an Amended Complaint (ECF No. 12 ("AC")) filed *pro se* by Plaintiff Ali. A. Harrison-El, a convicted prisoner who is currently incarcerated at SCI Phoenix. The AC, filed pursuant to 42 U.S.C. § 1983, asserts violations of Harrison-El's constitutional rights arising from an allegedly illegal arrest and detention and a related assault. Harrison-El asserts individual and official capacity claims against Falls Township Police Officers Tanner, "#1 John Doe Officer," and "#2 John Doe Police Sgt." (AC at 2, 3.) He also asserts claims against Falls Township.[1] (*Id.* at 3.) For the following reasons, the Court will again dismiss Harrison-El's request for dismissal of the criminal charges against him without prejudice to him filing a *habeas corpus* petition. Harrison-El's excessive force claim, his official capacity claims against the individual Defendants, his municipal liability claim against Falls

---

[1] Harrison-El identifies the fourth named Defendant as "Falls Township Police Dept.," but clarifies that this entity was a named Defendant in the original Complaint. (AC at 3.) Harrison-El also indicates that he has "paperwork," and identifies "Falls Township municipality" as the employer of the Falls Township Police Department. The Court understands the paperwork to which Harrison-El refers to be the Court's screening Memorandum, in which all claims against the Falls Township Police Department were dismissed with prejudice, and the law governing municipal liability claims was discussed. *See Harrison-El v. 1 John Doe Officer*, No. 23-4364, 2024 WL 710880, at *1 n.2 and *3 (E.D. Pa. Feb. 21, 2024). The Court deems Harrison-El to be asserting claims against Falls Township.

Township, any § 1983 claim based on negligence, any state law negligence claim, and any claims asserted pursuant to the Sixth or Eighth Amendments will be dismissed with prejudice. Harrison-El's § 1983 conspiracy claim will be dismissed without prejudice for failure to state a claim. The false arrest and false imprisonment claims previously stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) will remain stayed. Harrison-El may move to reopen those claims following resolution of his state court criminal case, at which time he will be permitted to amend his § 1983 conspiracy claim to address the deficiencies identified by the Court.

I.   **PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS**[2]

In his original Complaint, Harrison-El asserted excessive force claims and claims for violations of his Fourth Amendment rights against Defendants Tanner, Doe 1, and the Falls Township Police Department ("FTPD") based on conduct that occurred on October 6 or 7, 2023 when Defendants Tanner and Doe 1 arrested Harrison-El. *See Harrison-El,* 2024 WL 710880, at *1 (E.D. Pa. Feb. 21, 2024). Harrison-El asserted these claims against the Defendants in both their individual and official capacities. *Id*. He also asserted a malicious prosecution claim. *Id*. As relief, he requested money damages, release from custody, and the dismissal of his pending criminal charges. *Id*. Upon screening, the Court dismissed with prejudice Harrison-El's claims against the FTPD; dismissed the malicious prosecution claim without prejudice to Harrison-El reasserting it in a new civil action if the pending state criminal charges ultimately terminate in his favor; dismissed his request for release from custody and dismissal of criminal charges

---

[2] The factual allegations set forth in this Memorandum are taken from Harrison-El's Amended Complaint (ECF No. 12). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

against him without prejudice to Harrison-El seeking that relief in a *habeas corpus* petition; dismissed his excessive force and official capacity claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and stayed his Fourth Amendment false arrest and false imprisonment claims pursuant to *Younger*, 401 U.S. 37. *Harrison-El,* 2024 WL 710880, at *1. Harrison-El was granted leave to file an Amended Complaint to address the deficiencies in his excessive force and official capacity claims. *Id*. He has done so, and the AC is now ripe for screening.

Harrison-El alleges that the events giving rise to his claims occurred over the course of several days beginning on the morning of October 6, 2023. (AC at 5.) He alleges that on the morning of October 6, he experienced an epileptic seizure in the front yard of a residence in Bristol Township. (*Id*.) An ambulance arrived, as did the police, who allegedly revived Harrison-El and questioned him. (*Id*.) Harrison-El alleges he was forced into a police car and transported to the hospital, and then to the FTPD headquarters. (*Id*. at 4, 5.) He alleges that while there, Defendants Tanner and Doe 1 assaulted him and forcibly tried to obtain his fingerprints. (*Id*. at 5.) Harrison-El alleges that afterwards, he was transported to the Bucks County Correctional Facility, where he was held for more than nine hours. (*Id*. at 4.) Harrison-El asserts that the police had no probable cause to arrest or detain him. (*Id*.) He alleges that Defendants Tanner and Doe 1 engaged in the foregoing conduct on the orders of Defendant Seargent Doe 2. (*Id*. at 5)

Harrison-El asserts excessive force claims and claims for violations of his Fourth Amendment rights based on his allegedly unlawful arrest and detention.[3] (*Id*. at 3, 5.) He also

---

[3] Harrison-El also refers to the Sixth and Eight Amendments as bases for his claims. (AC at 3.) The Sixth Amendment right to counsel is not implicated under the facts alleged here. Because Harrison-El is a pretrial detainee, his claims are properly construed under the Fourteenth

asserts a municipal liability claim against Falls Township. (*Id*. at 4.) Harrison-El also asserts a § 1983 conspiracy claim and state law negligence claims. (*Id*. at 3, 4.) As relief, he seeks dismissal of the charges against him, and an award of money damages. (*Id*. at 5.)

The publicly available docket in *Commonwealth v. Harrison-El*, CP-09-CR-5770-2023 (C.P. Bucks) reflects that Harrison-El is currently awaiting trial scheduling on charges of identity theft, providing false identification to a police officer, possession of a controlled substance, use or possession of drug paraphernalia, public drunkenness, and disorderly conduct. *Id*. A pre-trial conference is scheduled to take place on July 18, 2024. *Id*. The docket notes the offense date as October 6, 2023, and identifies William Tanner as the arresting officer. *Id*.

## II.     STANDARD OF REVIEW

The Court has already granted Harrison-El leave to proceed *in forma pauperis*, and his AC is therefore subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally

---

Amendment and not the Eighth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Because any claims Harrison-El may have intended to assert pursuant to these Amendments are not plausible, they will be dismissed with prejudice and without leave to amend as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Harrison-El asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

#### A. Claims Seeking Dismissal of Criminal Charges

Harrison-El seeks, in part, to have the criminal charges pending against him dismissed. (*See* AC at 5.) However, this relief is not available in a § 1983 action; it can only be obtained in a *habeas corpus* proceeding. *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against

him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, this claim is dismissed without prejudice to Harrison-El filing a *habeas* petition seeking this relief.

### B. Official Capacity and Municipal Liability Claims

Harrison-El again checked boxes indicating that he is asserting official capacity claims against individuals alleged to be Falls Township employees. He also asserts a claim against Falls Township that the Court understands to be asserted pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Claims against municipal officials named in their official capacity are indistinguishable from claims against the employing municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To the extent the individual Falls Township Defendants are sued in their official capacities, any such claims are dismissed as duplicative of the claims against Falls Township. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."); *see also Graham*, 473 U.S. at 166 ("As long as the government

6

entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

With respect to Harrison-El's municipal liability claim against Falls Township, in order to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (quoting *Bielevicz*, 915 F.2d at 850). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. *See, e.g., Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)).

Harrison-El alleges that Defendants Tanner and Doe 1 transported him in a marked Falls Township vehicle to the hospital and then to the FTPD headquarters, where they allegedly assaulted him and forcibly tried to obtain his fingerprints, and that they did so on the orders of or with the consent of Defendant Seargent Doe 2.  (AC at 4, 5.)  Harrison-El asserts that the consent of the Defendant Sargent rendered the conduct a Falls Township policy.  (*Id*. at 4.)  He also asserts that "prior civil suits of same said nature" prove that the conduct engaged in by Defendants Tanner and Doe was engaged in pursuant to a policy or custom.  (*Id*.)  These allegations do not state a plausible claim.

Harrison-El alleges that Defendant Seargent Doe 2 ordered or consented to the conduct giving rise to his claims.  However, he does not allege that Seargent Doe 2 was a policymaker with the authority to make a decision regarding policy that would be binding on Falls Township for purposes of § 1983 liability.  *See, e.g., Chapolini v. Capodanno*, No. 18-2629, 2019 WL 4242508, at *8 n.3 (E.D. Pa. Sept. 5. 2019) (dismissing *Monell* claim where plaintiff did not identify policy or custom that would establish *Monell* liability, stating, "[t]here is no indication under Pennsylvania state law that any of the individual defendants is a policymaker as even the UDPD police chief would not be a policymaker under Pennsylvania law.")  *See also Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (citing 53 Stat. and Cons. Stat. § 66902) ("as a matter of Pennsylvania state law, a township Police Chief is not a final policymaker.")  Harrison-El also attempts to establish the existence of a relevant policy or custom by alleging that prior civil lawsuits similar to the instant case establish the existence of a policy or custom that guided the conduct of Defendants Tanner and Doe 1 described in the AC.  However, this single reference to unidentified prior civil suits does not plausibly allege a basis for *Monell* liability.  *See Hernandez v. City of Philadelphia*, No. 22-0027, 2022 WL 2290849 at *3 (E.D. Pa.

8

June 23, 2022) (granting motion to dismiss *Monell* claim and stating "single, generalized allegation that the City and City employees are frequently targeted in excessive force lawsuits is insufficient to plausibly allege that the City was aware of and ignored a custom of using excessive force on inmates.") (citations omitted). Harrison-El's municipal liability claim against Falls Township is not plausible and must be dismissed. As Harrison-El has already been given an opportunity to cure the defects in his municipal liability claim and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper."). This claim will be dismissed with prejudice.

    **C.**    **Excessive Force Claims**

In his AC, Harrison-El again alleges that Defendants Tanner and Doe 1 assaulted him. (AC at 5.) The Court understands Harrison-El to be reasserting the excessive force claim included in the original Complaint, which was dismissed on statutory screening for failure to state a claim. See *Harrison-El*, 2024 WL 710880, at *4. As the Court previously explained, excessive force claims arising in the context of an arrest are analyzed as invoking the protections of the Fourth Amendment and a defendant's conduct is analyzed under an objective reasonableness standard. *Id*. (citing *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Curley v. Klem,* 499 F.3d 199, 206 (3d Cir. 2007). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at

issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Harrison-El alleges in conclusory fashion only that Defendants Tanner "assaulted" him at Sgt. Doe's direction. (AC at 5.) He also alleges that he was not charged with resisting arrest. (*Id*.) However, he again fails to describe the circumstances surrounding the alleged assault and provides no factual allegations describing any threat posed by Harrison-El that might have warranted the use of force. The conclusory allegation of "assault" is insufficient to allege a plausible claim, *Iqbal*, 556 U.S. at 678, does not allege what form the assault took, and does not make clear which, if any, of the injuries described in the AC were the result of the alleged assault. (*See* AC at 5.) In short, he does not provide the Court with sufficient facts to either identify the nature of the force used or to determine whether the degree of force was reasonable. As Harrison-El has already been given an opportunity to cure the defects in his excessive force claims and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones*, 944 F.3d at 483; *Robinson*, 2022 WL 17248100, at *2. These claims will be dismissed with prejudice.

D.   **False Arrest and False Imprisonment Claims**

Harrison-El realleges the factual allegations giving rise to his claim that his arrest and detention were effectuated in violation of his Fourth Amendment rights because there was no probable cause for either the arrest or nearly nine-hour detention. (AC at 4, 5.) Upon screening the original Complaint, the Court explained that the *Younger* doctrine required abstention from hearing those claims in light of the pendency of the underlying criminal case. *Harrison-El*, 2024

WL710880, at *4-5. The Court will continue to abstain from addressing these claims and these claims will remain stayed pending conclusion of Harrison-El's criminal case.

### E.   Conspiracy Claims

In his AC, Harrison-El refers to a "conspiracy." (AC at 3.) The Court understands him to be asserting a claim for conspiracy among the individual Defendants to violate his civil rights. The elements of a § 1983 claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001).

Harrison-El does not identify which rights the Defendants sought to violate, but the Court will liberally construe the conspiracy as one to deprive Harrison-El of his right to be free from false arrest and false imprisonment under the Fourth Amendment. Other than referring to a conspiracy, Harrison-El does not allege any facts to plausibly support a claim that a conspiracy existed. He does not allege that Defendants Tanner and Doe consulted and agreed to act in a manner that would deprive Harrison-El of his constitutional rights. He does not allege whether or how Defendant Seargent Doe was involved in the conspiracy, other than to allege that Seargent Doe ordered Defendants Tanner and Doe to act as they did. In short, his single reference to a "conspiracy" is undeveloped and conclusory and does not state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[A] bare assertion of conspiracy will not suffice."); *Great W. Mining & Mineral Co. v. Fox, Rothschild LLP*, 615 F.3d 159, 178 (3d

11

Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.") Harrison-El's conspiracy claim is not plausible and will be dismissed. He will be granted leave to amend this claim, however, because the conspiracy claim arises from the Fourth Amendment claims that are stayed pursuant to the *Younger* doctrine, amendment will be permitted after the conclusion of Harrison-El's criminal case if he still seeks to proceed with the case.

### F. Negligence Claims

Harrison-El asserts that Falls Township was negligent because it employed the individual Defendants. (AC at 3.) The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Also, a municipal defendant may not be liable under a theory of *respondeat superior*. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (stating that municipalities "are not vicariously liable under § 1983 for their employees' actions."). To the extent Harrison-El seeks to assert a § 1983 claim based on the alleged negligence of Falls Township, that claim is not plausible and will be dismissed.

Harrison-El may be attempting to assert a state law claim against the Township based on negligent hiring. However, a claim against the Township based on negligent hiring would be barred by the Pennsylvania Subdivision Tort Claims Act, 42 Pa. Stats. and Cons. Stats. §§ 8541, *et seq.*, which immunizes political subdivisions against claims for damages arising from injury to a person or property except in certain narrow instances. Specifically, a municipality may be

liable for injuries arising from its own negligent acts or the negligent acts of its employees acting within the scope of their employment where the injury arises in one of the following categories: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property (4) trees, traffic controls, and street lights; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals.  42 Pa. Stats. And Cons. Stats. § 8542.  Harrison-El does not describe negligence that falls in one of these categories, and Falls Township is, accordingly, immune from his negligence claim.  This claim will be dismissed with prejudice.  *See Martin-McFarlane v. City of Philadelphia*, 299 F. Supp. 3d 658, 673 (E.D. Pa. 2017) (dismissing negligent hiring, training, supervision and retention claim against City on immunity grounds).

## IV.   CONCLUSION

For the foregoing reasons, the Court will again dismiss Harrison-El's request for dismissal of the criminal charges against him without prejudice to Harrison-El filing a *habeas corpus* petition.  Harrison-El's excessive force claim, his official capacity claims against the individual Defendants, his municipal liability claim against Falls Township, any § 1983 claim based on negligence, any state law negligence claim, and any claims asserted pursuant to the Sixth or Eighth Amendments will be dismissed with prejudice.  Harrison-El's § 1983 conspiracy claim will be dismissed without prejudice for failure to state a claim.  The false arrest and false imprisonment claims previously stayed pursuant to *Younger*, 401 U.S. 37 will remain stayed. [4] Harrison-El may move to reopen those claims following resolution of his state court

---

[4] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings.  We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings.").

criminal case, at which time he will be permitted to amend his § 1983 conspiracy claim to address the deficiencies identified by the Court.[5]

An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

[5]  Given the need to stay further proceedings, the Court expresses no opinion at this time as to whether any remaining claims suffer from any additional deficiencies.